**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4063**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

XIAO QI CHEN,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Mark S. Davis, Chief District Judge.  (2:22-cr-00093-MSD-RJK-1)

---

Submitted:  December 6, 2024                  Decided:  January 14, 2025

---

Before WILKINSON, HARRIS, and RUSHING, Circuit Judges.

---

Dismissed in part, affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**ON BRIEF:**  Donna L. Biderman, LAW OFFICE OF DONNA L. BIDERMAN, PLLC, Fairfax, Virginia, for Appellant.  Joseph Kosky, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xiao Qi Chen pled guilty, pursuant to a written plea agreement, to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). The district court sentenced Chen to a downward variant sentence of 78 months' imprisonment to be followed by a 10-year term of supervised release. Chen timely appealed.

Chen's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but challenging the validity of Chen's guilty plea and appeal waiver. Chen filed a pro se supplemental brief arguing in mitigation of his conviction and sentence. The Government moves to dismiss the appeal in light of the appeal waiver in the plea agreement, pursuant to which Chen waived the right to appeal his conviction and sentence. We grant the motion to dismiss in part, dismiss the appeal as to all waivable challenges to Chen's conviction, and affirm Chen's convictions. However, as explained below, we vacate Chen's sentence and remand for resentencing.

Even a valid appeal waiver does not preclude this Court's review of the validity of a guilty plea. *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). When accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charges to which he is pleading guilty, and the possible consequences of his guilty plea. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court must also ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement, and that a factual basis exists for the plea. Fed. R. Crim. P. 11(b)(2), (3); *see United States v. Stitz*, 877 F.3d

2

533, 536 (4th Cir. 2017) (discussing proof required to establish factual basis). "[A] properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is final and binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted).

Because Chen neither raised an objection during the plea colloquy nor moved to withdraw his guilty plea, we review the adequacy of the colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "There is plain error only when (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Sanya*, 774 F.3d at 816 (internal quotation marks omitted). Our review of the record confirms that the magistrate judge substantially complied with Rule 11 and that the district court did not plainly err in accepting Chen's guilty plea.

Defense counsel argues that Chen's guilty plea was not knowing and intelligent because Chen did not understand his constitutional rights. Counsel's claim is based on the magistrate judge's questions concerning whether Chen believed that law enforcement officers violated his constitutional rights when seizing evidence or taking statements.

"For a guilty plea to be constitutionally valid, a defendant must be made aware of all the direct, but not the collateral, consequences of his plea." *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted); *cf. United States v.*

3

*Singh*, 95 F.4th 1028, 1032 (6th Cir.) ("[C]onvictions have many consequences and a defendant doesn't need to appreciate every one to make an informed (i.e., 'knowing') decision to forgo trial."), *cert. denied*, __ S. Ct. __, No. 23-1309, 2024 WL 4426666 (U.S. Oct. 7, 2024). Chen's encounters with law enforcement occurred prior to his guilty plea and hence were not direct consequences of his plea. Our review of the record leads us to conclude that Chen's guilty plea was knowing, intelligent, and voluntary.

Turning to the appeal waiver, "[a] defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Generally, if the district court fully questions a defendant during a Rule 11 colloquy regarding the waiver of his right to appeal and the record shows that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). "We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue[s] appealed [are] within the scope of the waiver." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted).

The language of the appeal waiver was clear and unambiguous, and our review of the record confirms that Chen knowingly and intelligently executed the waiver. We therefore conclude that the waiver is valid and covers all waivable challenges to Chen's conviction.

Moving to the conditions of supervised release, a district court is required to orally pronounce at sentencing all non-mandatory conditions of supervised release. *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020); *see also United States v. Singletary*,

4

984 F.3d 341, 345 (4th Cir. 2021) ("[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court."). "[T]he heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment in fact have not been imposed on the defendant." *Singletary*, 984 F.3d at 345 (cleaned up). Therefore, the usual remedy for a *Rogers* error is to vacate the sentence and remand for a full resentencing. *See id.* at 346 & n.4. Even a valid appeal waiver cannot bar review of a *Rogers* claim of error, *id.* at 344-45, and we review such claims de novo, *United States v. Smith*, 117 F.4th 584, 604 (4th Cir. 2024).

In *Rogers*, this Court held that a district court errs when a defendant is not "informed orally that a certain set of conditions will be imposed on his supervised release." 961 F.3d at 299. Special Condition 11 in the written judgment—prohibiting Chen from possessing or using a computer to access online computer services—was never announced at the sentencing hearing. This *Rogers* error requires vacatur of the entire sentence and a remand for resentencing. *Singletary*, 984 F.3d at 346 & n.4.

The district court committed a second *Rogers* error when it announced at sentencing that Chen must comply with the standard supervised release conditions "that have been adopted by this court and are incorporated into this judgment." (J.A. 126).[*] A district court may satisfy the oral pronouncement requirement at the sentencing hearing by "incorporat[ing] . . . a written list of [standard] conditions of supervised release, such as

---

[*] "J.A." refers to the joint appendix filed by the parties on appeal.

the recommendations of conditions of release that have been spelled out in the defendant's [presentence report ("PSR")], or those established by a court-wide standing order." *Smith*, 117 F.4th at 604.  However, the Eastern District of Virginia does not have a local rule or standing order adopting a slate of standard conditions of supervised release.  *See* https://www.vaed.uscourts.gov/standing-orders [https://perma.cc/8SWE-ZLK3].

The standard conditions listed in the written criminal judgment appear in both U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (2021) as "standard' conditions" of supervised release, and in the PSR as "Standard Conditions of Supervision . . . adopted by this [c]ourt." (S.J.A. 32).  However, at the sentencing hearing, the district court never expressly adopted the PSR in its entirety, nor did it incorporate by reference the standard conditions set forth in the PSR.  Furthermore, the court did not incorporate the standard conditions set forth in USSG § 5D1.3(c), p.s.  This second *Rogers* error also requires vacatur of Chen's "entire sentence and remand for full resentencing." *United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir.), *cert. denied*, __ S. Ct. __, No. 23-7568, 2024 WL 4426906 (U.S. Oct. 7, 2024).

In accordance with *Anders*, we have reviewed the entire record and have found no other meritorious grounds for appeal.  We therefore grant in part the Government's motion to dismiss, dismiss the appeal as to all waivable challenges to Chen's conviction, and affirm Chen's conviction.  In addition, we vacate Chen's sentence and remand for resentencing.

This court requires that counsel inform Chen, in writing, of the right to petition the Supreme Court of the United States for further review.  If Chen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move

6

in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Chen.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*